UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| **DENNY R. PATRIDGE,** | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 09-CV-2149 |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION**

On June 22, 2009, Petitioner, Denny R. Patridge, through his counsel, Jerold W. Barringer, filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1). On July 21, 2009, the Government filed its Response to Petitioner's Motion (#3) and Exhibits (#4). The Government argued, among other things, that Petitioner's Motion was filed beyond the one-year time limitation of 28 U.S.C. § 2255 and should be denied. On August 5, 2009, Petitioner filed a Reply (#5). In response to the Government's argument that his Motion is untimely, Petitioner appears to be arguing that he could not have raised his arguments prior to the decision of the United States Supreme Court in <u>United States v. Santos</u>, 553 U.S. 507, 128 S. Ct. 2020 (2008). Following careful consideration, this court concludes that Petitioner's Motion is untimely and must be denied on that basis.

FACTS

In Case No. 04-CR-20031, Petitioner was charged by indictment with one count of making a false federal income tax return, in violation of 26 U.S.C. § 7206(1), two counts of willfully attempting to evade or defeat tax, in violation of 26 U.S.C. § 7201, two counts of wire fraud, in violation of 18 U.S.C. § 1343, and two counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(ii) and 18 U.S.C. § 1956(a)(1)(B)(i). On June 30, 2005, following a jury

trial, Petitioner was found guilty of all charges except the charge of making a false federal income tax return.  On September 25, 2006, a sentencing hearing was held and this court sentenced Petitioner to a term of 60 months in the Federal Bureau of Prisons.  This court also ordered a term of three years of supervised release, restitution in the amount of $168,219.50 for tax years 1996, 1997, 1998 and 1999, and a fine of $100,000.  Petitioner was represented by Attorney Barringer during his trial and sentencing.

Petitioner filed a timely notice of appeal.  On November 14, 2007, the Seventh Circuit Court of Appeals entered an Opinion which affirmed Petitioner's convictions.  United States v. Patridge, 507 F.3d 1092 (7th Cir. 2007).  The court stated that Petitioner, "who owned an insurance agency, decided to make life hard for the revenooers by transferring his income to an offshore trust and then pretending that he had no income."  Patridge, 507 F.3d at 1092.  The Seventh Circuit explained:

> The first trust in line, located in Antigua, transferred everything to a second trust, in Belize.  The second trust transferred the money to a third trust (also in Belize), which "loaned" it back to Patridge, who conveniently never paid interest or repaid any of the "debt."  When applying for credit, Patridge treated the proceeds from Trust #3 as income and claimed to have no debts.  Trust #1 and Trust #2 filed tax returns, each claiming to have expenses exactly equal to its income.  Trust #3 never filed a tax return.  Patridge himself filed returns in some years, though not in others, and claimed to have negligible income.  After an audit, the IRS concluded that Patridge's income was significant and that he owed $74,279 in

>
> taxes for 1996 and $49,836 for 1997.  Penalties took the total to $130,736 (plus interest) for 1996 and $88,675 (plus interest) for 1997.

Partridge, 507 F.3d at 1092-93.  The Seventh Circuit stated that Petitioner "dragged out the jury trial for 13 days but was convicted."  Patridge, 507 F.3d at 1093.  The Seventh Circuit went on to find that all 19 issues raised by Attorney Barringer were frivolous.  Patridge, 507 F.3d at 1093-95.  In fact, the Seventh Circuit expressed doubt regarding Attorney Barringer's fitness to practice law and gave him "14 days to show cause why he should not be fined $10,000 for his frivolous arguments and noncompliance with the Rules . . . ."  Patridge, 507 F.3d at 1095-97.  Petitioner filed a petition for a writ of certiorari to the United States Supreme Court, which was denied on March 24, 2008.  The United States Supreme Court denied Petitioner's petition for rehearing on May 19, 2008.

More than one year later, on June 22, 2009, Petitioner, still represented by Attorney Barringer, filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1).  In his Motion, Petitioner raised several arguments but mainly contended that his convictions of wire fraud and money laundering cannot stand following the Santos decision.[1]  According to Petitioner's somewhat convoluted argument, his convictions must be vacated because no evidence was presented at trial regarding "proceeds" as defined by the Supreme Court.  The Government argues that Petitioner's Motion is untimely based upon the one-year limitations period which applies to § 2255 under the Antiterrorism and Effective Death Penalty Act ("AEDPA").  This Court agrees.

---

[1] The Supreme Court decided Santos on June 2, 2008.

ANALYSIS

"A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.'" Clay v. United States, 537 U.S. 522, 524 (2003), quoting 28 U.S.C. § 2255(f)(1).  In this case, the judgment became final on the date the Supreme Court denied Petitioner's petition for a writ of certiorari, March 24, 2008.  See Robinson v. United States, 416 F.3d 645, 649 (7th Cir. 2005).  Therefore, Petitioner had one year, or until March 24, 2009, to file his Motion.  See United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000) (adopting the anniversary rule for determining the date § 2255 motion was due).  Petitioner did not file his Motion until June 22, 2009, almost three months late.

In response to the Government's argument that his Motion is untimely, Petitioner argued, in his Reply, that his Motion is timely because of the Santos decision.  Petitioner's argument is confusing and hard to follow, but this court believes that he must be arguing that his Motion is timely based upon § 2255(f)(3).[2]  Under this subsection, the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).  This court concludes that § 2255(f)(3) does not apply in this case.[3]

---

[2] To be fair, this court notes that part of the problem is that the Government's arguments are not a model of clarity either.  The Government's response is organized in a very confusing manner and includes lengthy arguments regarding the merits of Petitioner's claims. However, the Government has argued that the Petitioner's Motion is not timely and has argued that the decision in Santos did not announce a new rule of criminal procedure that would restart the one-year limitations period under § 2255.  This court agrees with those arguments.

[3] In fact, an unassailable argument can be made that the section does not apply because Petitioner's Motion was filed more than one year after the decision in Santos.  The Government has not made that argument, however, so this court is deciding the case based upon the arguments

In Santos, the defendant was convicted of one count of conspiracy to run an illegal gambling business, one count of running an illegal gambling business, one count of conspiracy to launder money and two counts of money laundering. Santos, 128 S. Ct. at 2023. The defendant's convictions were affirmed on appeal. However, in ruling on the defendant's motion under § 2255, the district court vacated the defendant's money laundering convictions based upon the Seventh Circuit's decision in United States v. Scialabba, 282 F.3d 475 (7th Cir. 2002). Santos, 128 S. Ct. at 2023. In Scialabba, the Seventh Circuit "held that the federal money-laundering statute's prohibition of transactions involving criminal 'proceeds' applies only to transactions involving criminal profits, not criminal receipts." Santos, 128 S. Ct. at 2023, citing Scialabba, 282 F.3d at 478. The Seventh Circuit affirmed the district court's ruling, based upon Scialabba. Santos, 128 S. Ct. at 2023. The United States Supreme Court granted certiorari.

On June 2, 2008, the Supreme Court issued its Opinion. Justice Scalia, joined by Justices Souter, Ginsburg, and Thomas, determined that the term "proceeds" in the money laundering statute was ambiguous because, "[f]rom the face of the statute, there is no more reason to think that 'proceeds' means 'receipts' than there is to think that 'proceeds' means 'profits.'" Santos, 128 S. Ct. at 2025. Justice Scalia then stated:

> Under a long line of our decisions, the tie must go to the defendant. The rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them.

Santos, 128 S. Ct. at 2025. Justice Scalia stated that the Seventh Circuit's judgment was affirmed. Santos, 128 S. Ct. at 2031. Justice Stevens wrote a separate opinion concurring in the

---

actually made by the parties.

judgment. Justice Stevens did not agree that the term "proceeds" meant receipts in every situation. Santos, 128 S. Ct. at 2032 (Stevens, J., concurring). Justice Stevens stated that the Court did not need to "pick a single definition of 'proceeds' applicable to every unlawful activity." Santos, 128 S. Ct. at 2032 (Stevens, J., concurring). For Justice Stevens, the meaning of "proceeds" should turn on whether legislative history indicates that Congress intended to reach the gross revenues of a specified crime. Santos, 128 S. Ct. at 2032 (Stevens, J., concurring); see also United States v. Lee, 558 F.3d 638, 643 (7th Cir. 2009).[4] Justice Stevens concluded that the "revenue generated by a gambling business that is used to pay the essential expenses of operating that business is not 'proceeds' within the meaning of the money laundering statute." Santos, 128 S. Ct. at 2033 (Stevens, J., concurring).

Chief Justice Roberts and Justices Alito, Kennedy and Breyer dissented. In his dissenting opinion, Justice Alito stated that, considered in context, it was clear that "the term 'proceeds' in the money laundering statute means gross receipts, not net income." Santos, 128 S. Ct. at 2044 (Alito, J., dissenting).

It is clear from this discussion of Santos that Petitioner's argument regarding "proceeds" was available to him at trial and on appeal based upon the Seventh Circuit's decision in Scialabba. In fact, Petitioner has pointed out that he did make an argument regarding "proceeds" to this court and on appeal. Therefore, clearly, he did not have to wait for the Supreme Court's decision in Santos to make his argument and the one-year limitations period did not begin on the date of the Santos decision. The right asserted by Petitioner was not "initially recognized by the

---

[4] This court notes that, in response to the decision in Santos, Congress amended § 1956 on May 20, 2009. Following the 2009 amendment, "proceeds" is defined as "any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity." 18 U.S.C. § 1956(c)(9).

Supreme Court," and was not "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." See 28 U.S.C. § 2255(f)(3). This court notes that the majority of decisions following Santos have determined that Santos is not retroactively applicable in collateral proceedings. See Wooten v. Cauley, 2009 WL 3834093, at *5 (E.D.Ky. 2009) (and cases cited therein).

Moreover, this court concludes that Petitioner does not even have a legitimate argument based upon Santos. Santos is a case in which "no single rationale explaining the result enjoys the assent of five Justices." See Marks v. United States, 430 U.S. 188, 193 (1977). In the absence of a majority opinion, Marks dictates that the holding of Santos is the "position taken by [that] member[] who concurred in the judgment[] on the narrowest grounds . . . ." See Marks, 430 U.S. at 193. This court concludes that there is nothing in the narrow holding of Justice Stevens' opinion which helps Petitioner. This court concludes that the Santos decision has no application to Petitioner's case because his money laundering convictions were based on transactions involving the proceeds of wire fraud, which involved the transfer of funds to hide income from the IRS. The Third Circuit Court of Appeals has held that unpaid taxes that were unlawfully disguised and retained constitute "proceeds' of wire fraud for purposes of supporting a conviction of money laundering. United States v. Yusuf, 536 F.3d 178, 187-88 (3d Cir. 2008), citing United States v. Morelli, 169 F.3d 798, 806 (3d Cir. 1999). The court in Yusuf reached a similar conclusion where the money laundering charge was based upon a charge of mail fraud. The court held that "unpaid taxes, which are unlawfully disguised and retained by means of the filing of false tax returns through the U.S. mail, constitute 'proceeds' of mail fraud for purposes of supporting a charge of federal money laundering." Yusuf, 536 F.3d at 189. The court in Yusuf specifically discussed the decision in Santos in reaching its conclusion that the charge of

money laundering was improperly dismissed because it was supported by mail fraud based upon unpaid taxes. Yusuf, 536 F.3d at 190. The court noted that the Supreme Court has held that unpaid tax constituted property under the wire fraud statute. Yusuf, 536 F.3d at 190, citing Pasquantino v. United States, 544 U.S. 349, 356-58 (2005). Based upon this precedent, this court concludes that Petitioner was properly convicted of money laundering and the narrow holding of the Santos decision does not support Petitioner's argument that his wire fraud and money laundering convictions must be vacated.

For all of the reasons stated, this court concludes that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1) is untimely and must be denied.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," which has happened here, a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also Jimenez v. Quarterman, 129 S. Ct. 681, 684 n.3 (2009). This court concludes that jurists of reason would not find it debatable whether Petitioner's Motion states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable whether this court correctly found that the Motion is untimely.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1) is untimely and is therefore DENIED.

(2) A certificate of appealability is DENIED.

(3) This case is terminated.

ENTERED this 30th day of July, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE